**Opinion issued November 6, 2014**



**In The**

# Court of Appeals

**For The**

# First District of Texas

————————————

**NO. 01-13-00746-CR**

————————————

**SHIRLEY ANNE VANLOWE, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the County Court at Law No. 2**
**Galveston County, Texas**
**Trial Court Case No. MD-0326968**

---

## MEMORANDUM OPINION

Appellant, Shirley Anne VanLowe, was charged by information with driving while intoxicated.[1] After the trial court denied her motion to suppress, Appellant pleaded nolo contendere. The trial court found Appellant guilty and assessed

---

[1] *See* TEX. PENAL CODE ANN. § 49.04(a) (Vernon 2014).

punishment at 180 days' confinement with a $200 fine. The trial court then suspended the sentence and placed Appellant on community supervision for 12 months. In one issue on appeal, Appellant argues that the trial court abused its discretion by denying the motion to suppress because the evidence established that the officer detained her in violation of her constitutional rights prior to determining she was intoxicated.

We affirm.

## Background

After she was charged, Appellant filed a motion to suppress, arguing that she had been detained in violation of her constitutional rights and that, as a result, all evidence obtained as a result should be suppressed. After a hearing on the motion to suppress, the trial court issued findings of fact and conclusions of law. Having found no flaw with the trial court's findings of historical fact, we rely on them in review of the sole issue on appeal.[2] In pertinent part, the trial court found as follows:

---

[2] We give almost total deference to a trial court's determination of historical facts, especially those based on an evaluation of witness credibility or demeanor. *Gonzales v. State,* 369 S.W.3d 851, 854 (Tex. Crim. App. 2012). Additionally, when, as here, the trial court makes findings of fact with its ruling on a motion to suppress a statement, we review only whether the record supports the trial court's factual findings. *Romero v. State*, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990). We must defer to the trial court's fact findings unless a finding is not supported by the record. *Cantu v. State*, 817 S.W.2d 74, 77 (Tex. Crim. App. 1991). Appellant has not challenged any of the trial court's findings, and we find no flaw in them. Accordingly, we rely on them in this appeal.

2

3. The only witness to testify at the suppression hearing was [R.] Nett, a Trooper and certified peace officer employed by the State of Texas, Department of Public Safety.

4. On July 28, 2012, Trooper Nett was on duty, working alone in his patrol car.

5. At approximately 2:00 in the morning, Trooper Nett was driving FM2004, in a rural area near Highway 646, in Galveston County, Texas.

. . . .

7. Trooper Nett described the location as a "pretty rural area. . . . It's a one lane, two direction road. . . . There's a bar in the area and in the evening time there's really not a whole lot of traffic that goes through there. . . . There's not a whole lot of anything [businesses] out in that area."

8. According to Trooper Nett, depending on the time of day and traffic, it can be hours before a motorist can get help and a motorist could be stranded for a long period of time.

9. Trooper Nett testified traffic was light.

10. At about 2:00 o'clock in the morning, as Trooper Nett was traveling north on FM2004, he saw [Appellant's] vehicle parked on the grassy shoulder of FM2004, facing south.

11. The high beams of [Appellant's] vehicle were on.

. . . .

13. Trooper Nett testified, "as I approached [Appellant's vehicle] you know I observed that it had [the] high beams on and I was going to stop to just make sure everything was all right."

14. Trooper Nett testified that he was not concerned about any criminal activity.

. . . .

16. Trooper Nett drove past [Appellant's] vehicle, turned around, and pulled in behind [Appellant's] vehicle.

17. Trooper Nett further testified that he "pulled in behind her vehicle just to make sure she was okay . . . . it is a pretty rural area through there." Because [Appellant] was stopped on the side of the road at 2:00 in the morning, in a remote, rural area, Trooper Nett believed [Appellant] might need some help.

. . . .

19. Trooper Nett activated his emergency lights.

20. Trooper Nett testified that if [Appellant] had driven off at that point, he would have performed a traffic stop; however, there was no evidence that this was conveyed to [Appellant], or that she believed that she was not free to leave.

. . . .

23. As Trooper Nett walked towards [Appellant's] vehicle, he observed [Appellant] to be sitting in the driver's seat apparently looking for something.

24. The Court found Trooper Nett to be a credible witness.

25. The State presented, without objection for purposes of this hearing, only, the first 90 seconds of the video from Trooper Nett's patrol car, leading up to the initial contact between Trooper Nett and [Appellant].

**Type of Encounter**

In her sole issue on appeal, Appellant argues that the trial court abused its discretion by denying her motion to suppress. Specifically, Appellant argues that Trooper Nett did not have a warrant when he approached her, that the encounter was an investigative detention, that he lacked any reasonable suspicion of criminal

activity, and that the community-caretaking exception for the requirement for a warrant did not apply. As a result, Appellant argues, all evidence obtained as a result of the encounter should have been suppressed.

## A. Standard of Review

We review a trial court's denial of a motion to suppress under a bifurcated standard of review. *Turrubiate v. State*, 399 S.W.3d 147, 150 (Tex. Crim. App. 2013). We review the trial court's factual findings for abuse of discretion and review the trial court's application of the law to the facts de novo. *Id.* Almost total deference should be given to a trial court's determination of historical facts, especially those based on an evaluation of witness credibility or demeanor. *Gonzales v. State,* 369 S.W.3d 851, 854 (Tex. Crim. App. 2012). At a suppression hearing, the trial court is the sole and exclusive trier of fact and judge of the witnesses' credibility and may choose to believe or disbelieve all or any part of the witnesses' testimony. *Maxwell v. State*, 73 S.W.3d 278, 281 (Tex. Crim. App. 2002); *State v. Ross*, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000).

When, as here, the trial court makes findings of fact with its ruling on a motion to suppress a statement, we do not engage in our own factual review but determine only whether the record supports the trial court's factual findings. *Romero v. State*, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990). Unless a trial court abuses its discretion in making a finding not supported by the record, we will

5

defer to the trial court's fact findings and not disturb the findings on appeal. *Cantu v. State*, 817 S.W.2d 74, 77 (Tex. Crim. App. 1991).

## B.    Analysis

In its conclusions of law, the trial court determined that Trooper Nett's encounter with Appellant did not constitute a detention and that, even if it were a detention, it was justified as a community-caretaking function. We agree with the trial court that Trooper Nett's encounter with Appellant was not a detention.

There are three distinct types of interactions between police and citizens: consensual encounters, investigative detentions, and arrests. *Wade v. State*, 422 S.W.3d 661, 667 (Tex. Crim. App. 2013). While investigative detentions and arrests are constrained by the Fourth Amendment of the United States Constitution, consensual encounters "do not implicate the Fourth Amendment." *Id.* "Police officers are as free as any other citizen to approach citizens to ask for information or cooperation. Such consensual encounters may be uncomfortable for a citizen, but they are not Fourth Amendment seizures." *Id.*

There is no bright line distinguishing a consensual encounter from a detention. *Id.* Instead, we review the totality of the circumstances to review de novo whether a detention occurred. *Crain v. State*, 315 S.W.3d 43, 48–49 (Tex. Crim. App. 2010). An encounter with the police is a detention if (1) the officer asserts his authority in a way that (2) a reasonable person would believe she is not

6

free to leave. *Id.* at 49. For the first element, "the court focuses on whether the officer conveyed a message that compliance with the officer's request was required." *Id.* Facts that might indicate a show of authority include "'the threatening presence of several officers, the display of a weapon by an officer, some physical touching of the person of the citizen, or the use of language or tone of voice indicating that compliance with the officer's request might be compelled.'" *Id.* at 49–50 (quoting *U.S. v. Mendenhall*, 446 U.S. 544, 554 100 S. Ct. 1870, 1877 (1980)). For the second element, "[t]he question is whether a reasonable person in the citizen's position would have felt free to decline the officer's requests or otherwise terminate the encounter." *Id.* at 49.

For the first element, appellant argues, "The trooper's emergency lights are that unmistakable show of authority known to every person who has ever received a traffic citation. Appellant relies on an opinion from the Eastland Court of Appeals to support this assertion. *See Gonzales v. State*, 342 S.W.3d 151, 153 (Tex. App.—Eastland 2011) *aff'd*, 369 S.W.3d 851 (Tex. Crim. App. 2012). We find *Gonzales* distinguishable.

As in this case, the officer in *Gonzales* noticed a car by the side of the road in a rural area late at night and decided to stop. *Id.* at 153. However, in *Gonzales*, the officer "turned on his back red and blue flashing lights, his front-facing red and blue flashing lights, and his front bright white light (take-down light)." *Id.*

Relying on an opinion from the Court of Criminal Appeals, the Eastland Court of Appeals held that the use of "blue flashers" constituted a sufficient show of authority for a reasonable person to believe he was not free to leave. *Id.* (citing *State v. Garcia-Cantu*, 253 S.W.3d 236, 245 n.43 (Tex. Crim. App. 2008)).

In *Garcia-Cantu*, the Court of Appeals recognized that "[t]he use of 'blue flashers' or police emergency lights are frequently held sufficient to constitute a detention or seizure of a citizen, either in a parked or moving car." 253 S.W.3d at 245 n.43. It also held, however, that the use of a patrol car spot light alone "is frequently necessary to protect officers during any type of night-time police-citizen encounter. Thus, the use of a spotlight, by itself, is not a circumstance that necessarily converts a consensual encounter into a Fourth Amendment detention." *Id.*

This is the critical distinction in this case. Trooper Nett testified that he brought his flashing lights on in the rear but only his spot lights (take-down lights) in the front. The spot lights, by themselves, are not enough to automatically convert an encounter into a detention when approaching a truck parked on the shoulder of a road after 2 a.m. Furthermore, there is no evidence Appellant was aware that the rear flashing lights were on. Nor is there any suggestion that it would be reasonable for Appellant to conclude that flashing lights, which that were not directed at her, should constitute a show of authority against her.

The trial court determined in its conclusions of law that the activation of the spot lights, upon approaching a parked truck in a rural area late at night with little surrounding light, did not constitute a show of authority to create a detention. We agree. Appellant does not allege any other facts to establish an assertion of authority, and we find none. Because Trooper Nett did not assert his authority before engaging with appellant, the encounter remained a consensual encounter. Accordingly, the Fourth Amendment was not implicated. *See Wade*, 422 S.W.3d at 667 (holding consensual encounters "do not implicate the Fourth Amendment"). We hold the trial court did not abuse its discretion by denying Appellant's motion to suppress.

We overrule Appellant's first issue. Because this issue is dispositive of the motion to suppress, we do not reach Appellant's second issue. *See* TEX. R. APP. P. 47.1.

## Conclusion

We affirm the judgment of the trial court.

Laura Carter Higley
Justice

Panel consists of Justices Higley, Bland, and Sharp.

Do not publish. TEX. R. APP. P. 47.2(b).

9